AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**United States District Court** | District  Massachusetts

| Name   Corbin Armstrong | Prisoner No. | Case No. |
|---|---|---|

Place of Confinement     MCI-Norfolk, 2 Clark Street, P.O. Box 43,Norfolk, MA
02056

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Corbin Armstrong | V.     Luis Spencer |

The Attorney General of the State of:   Thomas Reilly

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Hamsphire Cuperior
Court, 15 Gothic Street, P.O. Box 1119, Northampton, MA 01060

2. Date of judgment of conviction  October 15, 1999

3. Length of sentence   Twelve (12)  to Fifteen (15) years sentence to MCI-
Cedar Junction

4. Nature of offense involved (all counts)   Armed Assault w/Intent to Murder (7 cts.)
Assault w/Dangerous Weapon (7 Cts.)

Malicious Destruction of Property (1 Ct.)

Possession of Firearm without Permit (1 Ct.); Resisting Arrest.

5. What was your plea? (Check one)
   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   n/a

6. If you pleaded not guilty. what kind of trial did you have? (Check one)
   (a) Jury          ☐
   (b) Judge only    ☒

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court  Massachusetts Appeals Court

(b) Result  Affirmed

(c) Date of result and citation, if known  54 Mass.App.Ct. 594 (2002)

(d) Grounds raised  See Exhibit "A" attached.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  Supreme Judicial Court

(2) Result  Further Appellate Review Denied (See Exhibit "B")

(3) Date of result and citation, if known  July 1, 2002

(4) Grounds raised  See Exhibit "A"

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court  n/a

(2) Result  --

(3) Date of result and citation, if known  --

(4) Grounds raised  n/a

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  Hampshire Superior Court

(2) Nature of proceeding  Motion for New Trial

(3) Grounds raised  See Exhibit "C"

AO 241 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result __Denied__

(6) Date of result __February 3, 2003.__

(b)  As to any second petition, application or motion give the same information:

(1) Name of court __Massachusetts Court of Appeals__

(2) Nature of proceeding __Appeal__

(3) Grounds raised __See Exhibit "D".__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result __Order denying motion for new trial affirmed.__

(6) Date of result __November 21, 2003.__   Exhibit "E"

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒X No ☐
(2) Second petition, etc.     Yes ☐ No ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Whether it was error to deny the defendant's motion for a required finding on the count charging an intent to murder Thomas Fuller, where the evidence was equally consistent with an intent to disable the portable telephone because Mr. Fuller did not--Cont

Supporting FACTS (state *briefly* without citing cases or law)
Following the prosecution's case, the defendant moved for a required finding of not guilty on all indictments charging assault with intent to murder. He argued that 'there was not enough evidence sufficient for a rational trier of fact that Mr. Armstrong had the intent to murder Mr. Fuller. The trial judge denied the motions on the grounds that there was evidence that the alleged victims 'were being shot at directly with a deadly weapon' and, thus, one could draw the inference that there was an "intent to murder" them.

B. Ground two: The defendant was denied his constitutional right of confrontation when the trial judge prevented him from asking Trooper Hoskins whether a use of force report was reviewed by the officer's superiors to determine whether lethal force had been properly employed since this inquiry went directly to the issue of Supporting FACTS (state *briefly* without citing cases or law): bias on the part of the police.

A criminal defendant has the constitutional right to cross-examine a prosecution witness to show that the witness is biased.

AO 241 (Rev. 5/85)

C. Ground three: ~~The Judge's finding that the defendant was guilty~~
of assault with intent to murder six different persons was based
on ~~facts which were not in evidence since she found as a fact that~~
the Commonwealth psychologist, who was focused in his actions.
   Supporting FACTS (state *briefly* without citing cases or law):
In a jury waived trial if is is unclear the extent to which the
judge ~~relied on inadmissible evidence or an erroneous theory of~~
law in arriving at his or her finding of guilty, then doubts must
~~resolved in favor of the defendant and the case must be reversed~~
The prosecution did not call any expert witness to rebutt the testimony
of ~~the defense experts on the issue of intent, and did not introduce~~
evidence as to why it had failed to do so. The defenseargument to
the ~~judge~~
The judge was free to disbelieve the testimony of the defense experts
The ~~judge however, went one step further and found as a fact that~~
the reason the Commonwealth had not called a witness who was sitting
   D. Ground four ~~in the courtroom and obviously available..~~

‡ Ground Four: That trial and appellate counsels provided ineffective
assistance.
   Supporting FACTS (state *briefly* without citing cases or law):
Trial counsel failure to secure the trooper deprived the petitioner

of confrontation, whereas this was necessary for the petitioner to
mak~~e an asserted defense.~~
Appellate counsel failure to raise trial counsel ineffectiveness.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing  Timothy G. Watkins, CPCS, 403 Pleasant St., Northampton MA

   (b) At arraignment and plea  Timothy G. Watkins, CPCS
      403 Pleasant St., Northampton, MA

(6)

AO 241  (Rev. 5/85)

(c)  At trial  Timothy G. Watkins, CPCS
403 Pleasant St., Northampton, MA

(d)  At sentencing  Timothy G. Watkins, CPCS
403 Pleasant St., Northampton, MA

(e)  On appeal  David M. Skeels, CPCS, 99 Chauncy Street, Boston, MA

(f)  In any post-conviction proceeding  David  M.Skeels, CPCS, 99 Chauncey St.,
Boston, MA, for Further Appellate REview

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

(b)  Give date and length of the above sentence: _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
March 15, 2004
(date)

× Corbin R Armstrong
Signature of Petitioner

(7)

**894** Mass.    **766 NORTH EASTERN REPORTER, 2d SERIES**

54 Mass.App.Ct. 594

┌₅₉₄**COMMONWEALTH**

v.

**Corbin ARMSTRONG.**

No. 00–P–1124.

Appeals Court of Massachusetts,
Hampshire.

Argued Dec. 18, 2001.

Decided April 26, 2002.

Defendant was convicted after bench trial in the Superior Court Department, Hampshire County, Constance M. Sweeney, J., of armed assault with intent to murder, assault by means of a dangerous weapon, malicious injury to a police officer, unlawful possession of a firearm, and resisting arrest. Defendant appealed. The Appeals Court, Greenberg, J., held that: (1) trial judge did not impermissibly rely on unadmitted evidence; (2) evidence supported conviction; and (3) defense cross-examination of police officer was not improperly limited.

Affirmed.

**1. Criminal Law ⊗═260.11(2)**

It is presumed that a judge, sitting as trier of fact in a bench trial, applies correct principles.

Second, the plaintiff argues that even if the chemicals are "pollutants" as defined in the policies, the hostile fires exception to the pollution exclusion clause mandates coverage. This claim is also without merit; the hostile fires provisions of both Merchant's and Commercial Union's policies are expressly made inapplicable to the specific provisions of the pollution exclusion clauses applicable in the instant case, regarding governmental environmental suits.

**2. Criminal Law ⊗═254.3**

Judge, at bench trial for armed assault and other offenses, did not impermissibly rely on extrajudicial evidence of state's proposed expert witness, who was never called to testify, although judge remarked that she would not draw an adverse conclusion from the fact that the expert did not testify, and suggested a possible reason why expert was not called; remarks were an opinion on the state's tactical decisions, not a reference to judge's knowledge of unadmitted evidence.

**3. Criminal Law ⊗═317**

Failure of a party to call an available witness expected to give testimony on an important aspect of a case carries with it the reasonable implication that had the witness been called, he or she would have given testimony unfavorable to the party; that is not to say, however, that the trier of fact must draw the inference in every case.

**4. Criminal Law ⊗═312**

Impairment of a defendant's ability to make a decision in a normal manner, through drug use or otherwise, by no means requires an inference of inability to form specific intent.

**5. Homicide ⊗═257(1)**

Evidence supported defendant's conviction for assault with intent to murder one victim, although defendant asserted that he fired a shot at victim's cordless telephone, not at victim himself; evidence

The plaintiff also argues that the G.L. c. 93A and G.L. c. 176D claims were improperly dismissed. Because Merchants and Commercial Union had no obligation to defend BRT in the DEP proceedings, such claims cannot stand. See *Macoviak v. Chase Home Mort. Corp.*, 40 Mass.App.Ct. 755, 760, 667 N.E.2d 900 (1996); *GTE Prods. Corp. v. Broadway Elec. Supply Co.*, 42 Mass.App.Ct. 293, 302, 676 N.E.2d 1151 (1997).

*EXHIBIT "A"*

FURTHER APPELLATE REVIEW    Mass. **589**

Town of Mansfield v. Labor Relations Commission, 54 Mass.App.Ct. 1111, 766 N.E.2d 128.

Marketplace Center II Limited Partnership v. Board of Assessors of Boston, 54 Mass. App.Ct. 1107, 765 N.E.2d 286.

Massachusetts Port Authority v. Sciaba Construction Corporation, 54 Mass.App.Ct. 509, 766 N.E.2d 118. Justice Cordy did not participate.

Miller v. Milton Hospital & Medical Center, Inc., 54 Mass.App.Ct. 495, 766 N.E.2d 107.

Rich v. Great American Insurance Company, 54 Mass.App.Ct. 1108, 765 N.E.2d 826.

Sabree v. Massachusetts Parole Board, 54 Mass.App.Ct. 1102, 763 N.E.2d 106.

Scott v. Police Department of Lexington, 54 Mass.App.Ct. 1111, 765 N.E.2d 828.

Scripps v. Scripps, 54 Mass.App.Ct. 1110, 765 N.E.2d 827.

Seafood Services, Inc. v. Town of Fairhaven, 54 Mass.App.Ct. 1102, 763 N.E.2d 106.

Sorofman v. Kamens (A.C. No. 1999-P-938), 

Sorofman v. Kamens, 54 Mass.App.Ct. 1105, 766 N.E.2d 285.

Stamatos v. Land Mark Real Estate Services Corp., 54 Mass.App.Ct. 1108, 765 N.E.2d 825.

Tredwell v. Soule, 54 Mass.App.Ct. 1106, 765 N.E.2d 286.

Wachusett Regional School District v. Town of Rutland, 54 Mass.App.Ct. 911, 765 N.E.2d 265.

Zoning Board of Appeals of Wellesley v. Housing Appeals Committee, 54 Mass.App.Ct. 1113, 766 N.E.2d 912.

## GRANTED

*June 27, 2002*

Commonwealth v. Blevines, 54 Mass.App.Ct. 89, 763 N.E.2d 522.

## DENIED

*June 27, 2002*

Adoption of Rafael, In re, 54 Mass.App.Ct. 1115, 767 N.E.2d 115.

Arnold v. Veneri, 54 Mass.App.Ct. 1109, 765 N.E.2d 827.

Commonwealth v. Armstrong, 54 Mass.App.Ct. 594, 766 N.E.2d 894.

Commonwealth v. Barrows, 54 Mass.App.Ct. 1116, 767 N.E.2d 1135. Justice Cowin did not participate.

Commonwealth v. Boyd, 54 Mass.App.Ct. 1114, 766 N.E.2d 912.

Commonwealth v. Dube, 54 Mass.App.Ct. 1112, 766 N.E.2d 563.

Commonwealth v. Galhardo, 54 Mass.App.Ct. 1115, 767 N.E.2d 115. Justice Cowin did not participate.

Commonwealth v. Gilpin, 54 Mass.App.Ct. 1117, 767 N.E.2d 1135.

Commonwealth v. Hans H., 54 Mass.App.Ct. 1108, 765 N.E.2d 825.

Commonwealth v. Higgins, 54 Mass.App.Ct. 1110, 765 N.E.2d 827.

Commonwealth v. Hill, 54 Mass.App.Ct. 690, 767 N.E.2d 1078.

Commonwealth v. King, 54 Mass.App.Ct. 1115, 767 N.E.2d 115.

Commonwealth v. Lopes, 54 Mass.App.Ct. 1114, 766 N.E.2d 912.

Commonwealth v. Maillet, 54 Mass.App.Ct. 910, 763 N.E.2d 561.

Commonwealth v. Marchese, 54 Mass.App.Ct. 916, 767 N.E.2d 103.

Commonwealth v. Mills, 54 Mass.App.Ct. 552, 766 N.E.2d 547.

Commonwealth v. Moniz, 53 Mass.App.Ct. 1101, 757 N.E.2d 292.

Commonwealth v. Morales, 54 Mass.App.Ct. 1112, 766 N.E.2d 129.

Commonwealth v. Muhammad, 54 Mass.App. Ct. 1116, 767 N.E.2d 1134.

Commonwealth v. Pereira, 54 Mass.App.Ct. 1115, 767 N.E.2d 114.

Commonwealth v. Pridgett, 54 Mass.App.Ct. 1116, 767 N.E.2d 1134.

Commonwealth v. Rosario, 54 Mass.App.Ct. 914, 766 N.E.2d 539.

Commonwealth v. Rotondi, 54 Mass.App.Ct. 1116, 767 N.E.2d 1134.

EXHIBIT "B"

02-09-03  14:09 FAX                                                    ☒003

**98 112 _59._**

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE SUPERIOR COURT
ROBERT TAKAMOWSKI JR.
CLERK

HAMPSHIRE, ss.                    2003 JAN 21 A 8: 57

SUPERIOR COURT
NO. 98-112
Count 1-4, 6-11, 13-17

COMMONWEALTH

    v.

CORBIN ARMSTRONG

*Denied - Almost every issue
raised in the motion for
new trial was decided
by the Appeal Court in this very
case  See Commonwealth v. Armstrong
54 Mass App Ct 594 (2002). To the
extent any new issues are raised
then is no factual ground to
afford to support them.*

MOTION FOR A  NEW TRIAL

Now comes the defendant Corbin Armstrong, respectfully moves *C Ganung*
this Honorable Court pursuant to Mass.R. Crim. P. 30, requesting  *5/03/03*
a new trial in the above entitled matter and pursuant to rights
guaranteed him by the Fifth, Sixth and Fourteenth Amendments to
the U.S. Constitution and Article X, XII and XIV of the
Declaration of Rights of the Commonwealth of Massachusetts.

    As grounds for this motion, the defendant state the
following:

    1) Ineffective Assistance of Counsel;

    2) The defendant was denied his constitutional right of
confrontation when the trial judge prevented him from asking
Trooper Hoskins whether a use of force report was reviewed by the
officers' superiors to determine whether lethal force had been
properly employed since this inquiry went to the issue of bias on
the part of the police;

    3) The judge's finding that the defendant was guilty of
assault with intent to murder six different persons was based on

EXHIBIT "C"
Exhibit 1/7

-2-

facts which were not in evidence since she found as a fact that the Commonwealth's psychologist, who did not testify, had been convinced that the defendant was focused in his actions and on killing his target when he fired at the persons named in the indictments; and

4) It was error to deny the defendant's motion for a required finding of not guilty on the indictment charging an intent to murder Thomas Fuller where the evidence was equally consistent with an intent to disable the portable telephone because the defendant fired his gun a few feet away from Mr. Fuller, and the physical evidence indicated that the bullet had actually struck a portable telephone which was lying on the ground.

In support see attached affidavit and memorandum of law in support.

WHEREFORE, the defendant prays that this Honorable Court will grant this motion for a new trial.

Respectfully submitted,

Corbin R Armstrong

Corbin Armstrong
P.O. Box 43
Norfolk, MA 02056

Dated: 1/14/03

Exhibit I/9

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-320

COMMONWEALTH

vs.

CORBIN R. ARMSTRONG.

Pending in the Superior

Court for the County of Hampshire

Ordered, that the following entry be made in the docket:

Order denying motion for
new trial affirmed.

By the Court,

_____ ,Clerk

Date November 21, 2003.

NOTE.
The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23
APPEALS COURT

EXHIBIT "D"

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-320

COMMONWEALTH

vs.

CORBIN R. ARMSTRONG.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

This is an appeal from denial of the defendant's motion for
a new trial.  In the direct appeal, the defendant's convictions
-- for armed assault with intent to murder (seven counts),
assault and battery by means of a dangerous weapon (six counts),
malicious injury to a police officer, a firearm possession
offense, and resisting arrest -- were affirmed.  See Commonwealth
v. Armstrong, 54 Mass. App. Ct. 594, 599-601 (2002).

The trial judge properly denied the defendant's pro se
motion for new trial predicated on allegations of ineffective
assistance of counsel, for the reason, if no other, that the
defendant failed to set forth his allegations in compliance with
Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1502 (2001).

In any event, even were we to reach the merits of the
underlying, unverified claims in the motion for new trial, we do
not believe that trial counsel's strategic decision not to call
Trooper Lambert to testify was ineffective assistance within the
standards of the governing law.  On this point, the defendant's
new trial filing lacks factual support for his claim that, if

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT
CLERK'S OFFICE
1500 NEW COURT HOUSE
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

November 21, 2003

Corbin Armstrong
M.C.I. Norfolk
P.O. Box 43        (W67212)
Norfolk, MA 02056

RE:     No. 2003-P-0320

**COMMONWEALTH**
**vs.**
**CORBIN ARMSTRONG**

NOTICE OF DOCKET ENTRY

Please take note that on November 21, 2003, the following entry was made on the docket of the above-referenced case:

Decision: Rule 1:28 (M B BY). Order denying motion for new trial affirmed. *Notice. (See image on file.)

Very truly yours,

The Clerk's Office

Dated: November 21, 2003

To:  Cynthia M. Pepyne, A.D.A.
     Corbin Armstrong

trial, pursuant to Mass. R. Crim. P. 30(b).

On February 3, 2003, defendant was notified of the Court's written findings and rulings, denying the defendant's motion in entirety. 1/  Defendant filed his notice of appeal on January    , 2003. (R. 12)  The appeals of the denial was docketed in this Court on February    , 2003, and affirmed on November 21, 2003.

### STATEMENT OF FACTS

The Appellant refers to the facts as stated in his Motion for New Trial, copy attached hereto, and to the Record Appendix to the Brief, all incorporated here by reference.

### Summary of the Argument

1.    Trial Counsel was constitutionally ineffective in providing the appellant with effective assistance of Counsel.

2.    The defendant was denied his constitutional right of confrontation when the trial court prevented him from asking Trooper Hoskins whether a use of force report was reviewed by the officers' superiors to determine whether lethal force had been properly employed since this inquiry went to the issue of bias on the part of the police.

EXHIBIT "E"

4/

AO 241    (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner
must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in
the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC  § 2255,
in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions–Read Carefully*

(1)  This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury.  Any false
statement of a material fact may serve as the basis for prosecution and conviction for perjury.  All questions must be
answered concisely in the proper space on the form.

(2)  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.
No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of
a separate memorandum.

(3)  Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4)  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type,
you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form
required by the court, setting forth information establishing your inability to pay the costs.  If you wish to proceed *in forma
pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and
securities on deposit to your credit in any account in the institution.  If your personal account exceeds
$ _____ , you must pay the filing fee as required by the rules of the district court.

(5)  Only judgments entered by one court may be challenged in a single motion.  If you seek to challenge judgments entered by
different courts either in the same state or in different states, you must file separate petitions as to each court.

(6)  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for
relief in the petition you file seeking relief from any judgment of conviction.

(7)  When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States
District Court whose address is

(8)  Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.