```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

CORBIN ARMSTRONG,              )
         Petitioner,           )
    v.                         )  C.A. No. 02-11674-DPW
                               )
LUIS SPENCER,                  )
         Respondent.           )
_____

CORBIN ARMSTRONG,              )
         Petitioner,           )
    v.                         )  C.A. No. 04-10587-DPW
                               )
LUIS SPENCER,                  )
         Respondent.           )
```

PROCEDURAL ORDER

For the reasons stated below, (1) the Clerk is directed to re-file petitioner's recently-submitted habeas petition and service order in C.A. No. 02-11674-DPW in C.A. No. 04-10587-DPW, and (2) the petitioner is directed to either pay the $5 filing fee for the new action or submit an application to proceed without prepayment of fees with a certified prison account statement within 42 days of the date of this order.

BACKGROUND

In 2002, petitioner Corbin Armstrong, an inmate at MCI Norfolk, filed a petition for a writ of habeas corpus under Section 2254. Armstrong v. Spencer, C.A. No. 02-11674-DPW. I dismissed that action without prejudice in October 2002 for failure to exhaust state remedies. See 02-11674-DPW Docket. On February 18, 2004, Armstrong

sent a letter to the Court stating that he had exhausted his state remedies and requested that C.A. No. 02-11674-DPW be re-opened. I directed Armstrong to file a revised and renewed habeas petition on or before March 25, 2004. See 02-11674 Docket. On March 17, 2004, petitioner filed a renewed and revised habeas petition but did not submit the $5 filing fee or an application for waiver of the filing fee. Id. Docket No. 22. In an order dated March 24, 2004, I directed that the petition be served. Id. Docket No. 23.

## ANALYSIS

A party filing a Section 2254 habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings in forma pauperis). An application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 Cases (if a petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this Court provides a standardized form for fee waiver applications. Because Armstrong has not submitted a filing fee or an application to waive the filing fee, he

shall be granted additional time to do so.

## CONCLUSION

ACCORDINGLY,

(1) The Clerk is directed to re-file the March 17, 2004 habeas petition submitted by Armstrong in a new action, <u>Armstrong v. Spencer</u>, C.A. No. 04-10587-DPW;

(2) If Armstrong wishes to proceed with this action, he shall, within 42 days of the date of this order, submit the $5 filing fee or an application to waive prepayment of the filing fee with a certified account statement for the 6-month period immediately preceding the filing of this petition or this action will be dismissed without prejudice for failure to pay the filing fee;

(3) All future filings by Armstrong or the Respondent shall bear the case number of the new action, C.A. No. 04-10587-DPW; and

(4) The Clerk is directed to send plaintiff an application to proceed without prepayment of fees and affidavit with this order.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>30th</u> day of <u>March</u>, 2004.

<u>S/ Douglas P. Woodlock</u>
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE