UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CORBIN ARMSTRONG,<br>Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>Respondent. | )<br>)<br>)<br>)<br>)  Civil Action No. 04-10587-DPW<br>)<br>)<br>)<br>) |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent answers the numbered paragraphs of the petition for writ of habeas corpus as follows:

1. The respondent admits the allegations in paragraph 1.

2. The respondent admits the allegations in paragraph 2.

3. The respondent admits in part the allegations in paragraph 3. Further answering, the respondent states that the petitioner's sentences were structured as follows: six concurrent state prison terms of not less than 12 nor more than 15 on the six counts of Armed Assault with Intent to Murder; a state prison term of not less than 3 nor more than 5 for Carrying a Firearm Without a License and a House of Correction term of two years for Resisting Arrest, each concurrent with the Armed Assault with Intent to Murder sentences; three years probation for Malicious Destruction of Property, on and after his prison terms; and the six convictions for the Assault by Means of a Dangerous Weapon were placed on file.

4. The respondent admits in part the allegations in paragraph 4. Further answering, the respondent states that the petitioner was found not guilty of one of the seven counts of Armed Assault with Intent to Murder and one of the seven counts of Assault by Means of a Dangerous Weapon.

2

5.   The respondent admits the allegations in paragraph 5.

6.   The respondent admits the allegations in paragraph 6.

7.   The respondent admits the allegations in paragraph 7.

8.   The respondent admits the allegations in paragraph 8.

9(a).   The respondent admits the allegations in paragraph 9(a).

9(b).   The respondent admits the allegations in paragraph 9(b).

9(c).   The respondent admits in part the allegations in paragraph 9(c). Further answering, the respondent states that the Massachusetts Appeals Court ("Appeals Court") affirmed the petitioner's convictions on April 26, 2002. Commonwealth v. Armstrong, 54 Mass. App. Ct. 594, 766 N.E.2d 894 (2002).

9(d).   The respondent admits the allegations in paragraph 9(d). Further answering for clarity, the respondent states that the petitioner presented the following three claims in his brief to the Appeals Court: (1) insufficient evidence presented to convict for armed assault with intent to murder Thomas Fuller; (2) denial of constitutional right to confront witnesses due to the trial judge's curtailment of cross-examination; and (3) error caused by the trial judge's reliance on extrajudicial evidence in determining his guilt.

9(e)(1).   The respondent admits the allegations in paragraph 9(e)(1).

9(e)(2).   The respondent admits the allegations in paragraph 9(e)(2).

9(e)(3).   The respondent denies the allegations in paragraph 9(e)(3). Further answering, the respondent states that the Massachusetts Supreme Judicial Court ("SJC") denied the petitioner's application for leave to obtain further appellate review ("ALOFAR") on June 27, 2002. Commonwealth v. Armstrong, 437 Mass. 1104, 772 N.E.2d 589 (2002).

3

9(e)(4). The respondent admits the allegations in paragraph 9(e)(4). Further answering for clarity, the respondent states that the petitioner presented only one claim in his ALOFAR to the SJC: error caused by the trial judge's reliance on extrajudicial evidence in determining his guilt.

10.    The respondent admits the allegation in paragraph 10.

11(a)(1). The respondent admits the allegation in paragraph 11(a)(1).

11(a)(2). The respondent admits the allegation in paragraph 11(a)(2).

11(a)(3). The respondent admits the allegation in paragraph 11(a)(3).

11(a)(4). The respondent admits the allegation in paragraph 11(a)(4).

11(a)(5). The respondent admits the allegation in paragraph 11(a)(5).

11(a)(6). The respondent admits the allegation in paragraph 11(a)(6).

11(b)(1). The respondent admits the allegation in paragraph 11(b)(1).

11(b)(2). The respondent admits the allegation in paragraph 11(b)(2). And further answering, the petitioner appealed the decision of the Superior Court denying his motion for a new trial.

11(b)(3). The petitioner raised the following four grounds in his appeal from the denial of his motion for a new trial: (1) trial counsel was constitutionally ineffective in providing the appellant with effective assistance; (2) the defendant was denied his constitutional right of confrontation when the trial court prevented him from asking Trooper Hoskins whether a use of force report was reviewed by the officers' superiors to determine whether lethal force had been properly employed since this inquiry went to the issue of bias on the part of the police; (3) the judge's findings that the defendant was guilty of assault with intent to murder six different persons was based on facts Commonwealth psychologist, who did not testify, had been convinced that the defendant was focused in his actions and on killing his target when

4

he fired at the persons named in the indictments and (4) if it was error to deny the defendant's motion for a required finding of not guilty.

11(b)(4). The respondent admits the allegation in paragraph 11(b)(4).

11(b)(5). The respondent admits the allegation in paragraph 11(b)(5).

11(b)(6). The respondent admits the allegation in paragraph 11(b)(6).

11(c)(1). The respondent admits the allegation in paragraph 11(c)(1).

12A-12D. The respondent states that paragraphs 12A through 12D of the petition for a writ of habeas corpus contains conclusion of law to which no response is required. As to the allegations of fact contained in paragraph 12A-12D, the respondent states that the state court record containing the facts underlying petitioner's conviction speak for itself. Further answering, the respondent denies each and every allegation of fact which does not comport exactly with either the state court record of petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts.

Judicial Court's elucidation of the facts.

14. The respondent has insufficient information to respond to the allegation in paragraph 14.

15. The respondent admits the allegations in paragraph 15.

16. The respondent admits the allegations in paragraph 16.

17. The respondent has insufficient information to admit or deny the allegation in paragraph 17.

5

And further answering, pursuant to Rule 5 of the Rules Following 28 U.S.C. §2254, the respondent is filing with this Answer a Second Supplemental Answer containing the following documents from the petitioner's motion for a new trial and related appeal of 2003.[1]

1. Brief and Record Appendix for the Defendant on Appeal From the Denial of Motion for New Trial filed in Massachusetts Appeals Court, Commonwealth v. Armstrong, MAC No. 03-P-320.

2. Commonwealth's Memorandum of Law In Lieu of Brief. Commonwealth v. Armstrong, MAC No. 03-P-320.

3. Memorandum and Order Pursuant to Rule 1:28 in Commonwealth v. Armstrong, MAC No. 03-P-320.

4. Appellant Application for Further Appellate Review in Supreme Judicial Court Commonwealth v. Armstrong, FAR-13884

5. Denial of Application for Further Appellate Review; Commonwealth v. Armstrong, FAR-13884.

---

[1] The respondent filed a Supplemental Answer on September 20, 2002, in connection with the petitioner's first petition for writ of habeas corpus, Armstrong v. Spencer, Civil Action No. 02-11674-DPW. The Supplemental Answer, which the respondent assumes is still in the case files, contained the following documents from the petitioner's direct appeal:
(1) Petitioner's brief and record appendix on direct appeal to the Massachusetts Appeals Court in Commonwealth v. Armstrong, Mass. App. 2000-P-1124.
2. Massachusetts Appeals Court opinion affirming the petitioner's convictions in Commonwealth v. Armstrong, 54 Mass. App. Ct. 594, 766 N.E.2d 894 (2002).
3. Petitioner's Application for Leave to Obtain Further Appellate Review to the Massachusetts Supreme Judicial Court in Commonwealth v. Armstrong.
4. Massachusetts Supreme Judicial Court decision denying further appellate review application in Commonwealth v. Armstrong 437 Mass. 1104, 772 N.E.2d 589 (2002).

6

### FIRST DEFENSE

The habeas petition should be dismissed where the petitioner failed to exhaust state remedies with respect to all claims asserted in his petition. See U.S.C. §§2254(b)(1), (b)(2); Rose v. Lundy, 455 U. S. 509, 518-19 (1982).

### SECOND DEFENSE

The petitioner is in procedural default on some of his claims and the state court adjudication of these claims rests on adequate and independent state law grounds which is not cognizable on habeas corpus review. See Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977).

### THIRD DEFENSE

The habeas petition should be denied where the state court's adjudication of the petitioner's claims on the merits did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States. See U.S.C. §2254(d)(1); Williams v. Taylor, 529 U.S. 362 (2000).

### FOURTH DEFENSE

The habeas petition should be denied where the state court's adjudication of the petitioner's claims on the merits did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See U.S.C. §2254(e)(2). The petitioner cannot rebut the presumption of correctness of the state court's factual findings by "clear and convincing" evidence. See U.S.C. §2254(e)(2).

7

## FIFTH DEFENSE

The petition should be denied because it fails to state a claim upon which federal habeas corpus relief can be granted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Answer and Second Supplemental Answer was served upon the following petitioner pro se by first class mail, postage pre-paid, June 25, 2004.

Corbin Armstrong, pro se
MCI- Norfolk
2 Clark Street
P.O Box 43]
Norfolk, MA 02056

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General