UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CORBIN ARMSTRONG,  )
    Petitioner,  )
                   )
v.  )
                   )     Civil Action No. 04-10587)
LUIS SPENCER,  )
    Respondent.  )
                   )

## RESPONDENT'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

The respondent submits this memorandum in support of his motion to dismiss the above captioned petition filed by Corbin Armstrong ("the petitioner") who was found guilty in 1999 by a Massachusetts Superior Court judge of armed assault with intent to murder (seven counts), assault by means of a dangerous weapon (six counts), malicious injury to a police officer, unlawful possession of a firearm, and resisting arrest.  The petitioner alleges that he is imprisoned in violation of his federally secured constitutional rights on the following grounds:

    Ground One: it was error to deny the [petitioner]'s motion for a required finding on the count charging an intent to murder Thomas Fuller where the evidence was equally consistent with an intent to disable the portable telephone because Mr. Fuller did not (see where the bullet actually struck the portable telephone which the [petitioner] had thrown on the ground.) (Petition, p. 5, ¶ 12A)[1]

    Ground Two: the [petitioner] was denied his constitutional right to confrontation when the trial judge prevented him from asking Trooper Hoskins whether a use of force report was reviewed by the officer's superiors to determine whether lethal force had been properly employed since the inquiry went directly to the issue of bias on the part of the police.  (Petition, p. 5, ¶ 12B)

---

[1] The petitioner appears to have filed the same habeas petition as in his former action, *Armstrong v. Spencer*, USDC Civil Action No. 02-11674-DPW, but failed to include the attachment which completes his explanation of the grounds asserted. The respondent has cobbled together the two petitions so that the grounds make sense and reflect the issues that the petitioner seeks to present.

3

<u>Ground Three</u>: the judge's findings that the [petitioner] was guilty of assault with intent to murder six different persons was based on facts which were not in evidence since she found as a fact that the Commonwealth psychologist, (who did not testify, had been convinced that the petitioner was focused in his actions and on killing his target when he fired at the persons named in the indictments).[2]  Petition, p. 6, ¶ 12C)

<u>Ground Four</u>: trial and appellate counsel provided ineffective assistance.  (Petition, p. 6, ¶ 12D)

The petitioner's first habeas corpus petition was dismissed for failure to exhaust state remedies.  *See Armstrong v. Spencer*, USDC Civil Action No. 02-11674-DPW.  Thereafter, he returned to state court to file a motion for a new trial raising the three claims from his habeas petition and adding a fourth claim, i.e., ineffective assistance of trial and appellate counsel claim.  *See* S.A. 6. Exhibit I/8-9; Exhibit II/2-59.[3]  In accordance with well-established practice, the trial court and appellate court declined to reach the merits of his claims since three of the four claims had been decided already in the petitioner's direct appeal and the petitioner had failed to file an affidavit or any support for his new claim of ineffective assistance of counsel as required.  *See* Mass. R. Crim. P. 30(c)(3), as appearing in 435 Mass. 1502 (2001).

---

[2] See footnote 1.

[3] References to the respondent's Supplemental Answer which contains state court materials from the petitioner's trial, appeal and post-conviction action will be cited as "S.A." followed by the exhibit number as S.A.1.
    It should be noted that a Supplemental Answer was filed on September 2, 2002, in the petitioner's first habeas petition.  A second Supplemental Answer was filed in the instant petition on June 25, 2004, containing documents from the petitioner's later state court action. Because of collating and mislabeling errors made in the June 25, 2004 Supplemental Answer, the respondent is enclosing with this Memorandum a corrected copy of that Supplemental Answer with the proper exhibit numbers and pages.

4

Now back in federal court, it is clear that the four claims in the instant habeas petition have been exhausted through procedural default. Since the petitioner cannot demonstrate "cause" or "prejudice" or actual innocence in order to overcome the procedural bar, the petition should be dismissed.

## PRIOR PROCEEDINGS

The petitioner was convicted on October 15, 1999, by a Massachusetts Superior Court judge and his conviction was affirmed by the Massachusetts Appeals Court (MAC), *Commonwealth v. Armstrong*, 54 Mass. App. Ct. 594, 766 N.E. 2d 894 (2002) on April 26, 2002. His application for further appellate review by the Supreme Judicial Court (SJC) was denied on June 27, 2002. *Commonwealth v. Armstrong*, 437 Mass. 1104, 772 N.E. 2d 589(2002). *See* S.A. 2, 4.

On August 12, 2002, the petitioner filed his first federal habeas petition. *Armstrong v. Spencer*, USDC Civil Action No. 02-11674-DPW. The respondent filed an answer and supplemental answer as well as a motion to dismiss the petition for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A). On October 13, 2002, the district court allowed the motion to dismiss on exhaustion grounds and declined to stay the matter. The petitioner appealed the district court decision but voluntarily moved to dismiss the appeal on December 13, 2002. *Armstrong v. Spencer*, Court of Appeals Docket No 02-2427.

On January 21, 2003, the petitioner returned to state court and filed a motion for a new trial pursuant to Mass. R. Crim. Proc. 30(b). The motion was denied by the trial judge, Sweeney, J., and petitioner appealed the decision. The order denying the new trial motion was affirmed by the MAC in an unpublished Memorandum and Order Pursuant to Rule 1:28, *Commonwealth*

5

*v. Armstrong*, 60 Mass. App. Ct. 1103, 798 N.E.2d 1046 (2003). *See* S.A. 7. His application for further appellate review in the SJC was denied on January 29, 2004. *Commonwealth v. Armstrong*, 441 Mass. 1101, 803 N.E.2d 332 (2004). *See* S.A. 9.

On March 17, 2004, the petitioner returned to federal court and filed a new petition for habeas corpus relief. *Armstrong v. Spencer*, USDC CA. No. 04-10587. The respondent filed an answer and second supplemental answer containing documents from the petitioner's motion for a new trial and subsequent appeal. The respondent has today moved to dismiss the petition for failure to state a claim upon which habeas corpus relief can be granted.

## STATEMENT OF FACTS [4]

The Appeals Court described the underlying facts of the crimes for which the petitioner was convicted as follows:

> Belchertown residents Thomas and Patricia Fuller were alerted by the sound of a car crash on Jenson Road in front of their house. Thomas decided to investigate while Patricia called the police. In relatively short order, he spotted the [petitioner], covered with blood, hobbling toward him. A wrecked vehicle, turned upside-down, was in the middle of the road. Fuller started to dial his cordless telephone. That Samaritan-like gesture was not appreciated, to put it mildly. The [petitioner] grabbed the telephone out of Fuller's hand and yelled, "Don't do it, fucker, don't do it." As the [petitioner] spun around and threw the telephone into the nearby woods, Fuller saw a handgun in the [petitioner]'s waistband; the two stood about ten feet apart. The [petitioner] pulled his gun and pointed it at Fuller's chest, prompting Fuller to jump behind the nearest tree. Simultaneously, he heard a gunshot, but did not know in what direction it had been fired. He ran to his neighbor's house for help and saw the [petitioner] walking in the opposite direction toward Route 181, an adjacent highway.

---

[4] The Massachusetts Appeals Court's recitation of the facts of the petitioner's crimes is entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Gunter v. Maloney*, 291 F.3d 74, 76 (1st Cir. 2002); *Sanna v. DiPaolo*, 265 F.3d 1, 7 (1st Cir. 2001); *Coombs v. Maine*, 202 F.3d 14, 18 (1st Cir. 2000); *cf. Sumner v. Mata*, 449 U.S. 539, 545-46 (1981) (holding that presumption of correctness under former habeas statute applied to "factual determinations made by state courts, whether the court be a trial court or an appellate court").

6

Meanwhile, Patricia Fuller heard the gunshots, called the police, and set out to find her husband. When she reached Jenson Road at the scene of the car wreck, she saw the [petitioner] sitting on a grassy area at the side of the road. They were acquainted, so she asked, "Where's Tom?" The [petitioner] answered, "He's okay." Because the [petitioner] continued to brandish a weapon, she ran up a hillside out of his range.

By this time, Belchertown police Officer Edward Oey had arrived at the scene. From his patrol car, Oey saw the [petitioner], bleeding from his injuries, lying on the side of the road. From the top of the hill, Patricia Fuller warned him that the [petitioner] was armed. Oey commanded the [petitioner] to show his hands. The [petitioner] responded by pulling out his handgun and firing three more shots, this time at Oey, who drove down the road a short distance to avoid him. One shot just missed the left side mirror of his cruiser, another struck the center pillar post, and the third strayed far from the mark.

Another Belchertown officer, William Zobka, then arrived in his police car. Having heard the three shots that the [petitioner] had fired at Oey, Zobka got his shotgun from the cruiser and, with a third officer, began to move through the woods along Jenson Road in pursuit of the [petitioner].

At the same time, three State police officers arrived in separate vehicles and stopped beside Oey's cruiser. Those officers and Oey started to cross Jenson Road to join up with Zobka and his partner. While they were in the middle of the road, Oey and the three State police officers saw three muzzle flashes and heard three more bullets pass by them. Those shots were fired at a point about ninety feet south of where they were standing. It is not necessary to recount all of the events that followed, except to say that by the time the police had flushed the [petitioner] out of the woods, by their estimation he had fired an additional eight to nine rounds at them. On several occasions, the State police officers were forced to return fire. Eventually, the [petitioner] was found cowering behind a tree and was placed under arrest. On the following day, police retrieved the [petitioner]'s Glock semiautomatic pistol. Many discharged cartridges were found in areas at or near where the various officers and Thomas Fuller had confronted the [petitioner].

*Commonwealth v. Armstrong*, 54 Mass. App. Ct. at 595-596.

7

# ARGUMENT

## THE PETITION SHOULD BE DISMISSED BECAUSE THE GROUNDS ASSERTED HAVE BEEN EXHAUSTED THROUGH PROCEDURAL DEFAULT.

### A. Background

In the direct appeal of his convictions in the Massachusetts Appeals Court, the petitioner presented three claims: (1) insufficient evidence presented to convict for armed assault with intent to murder Thomas Fuller; (2) denial of constitutional right to confront witnesses due to the trial judge's curtailment of cross-examination; and (3) error caused by the trial judge's reliance on extrajudicial evidence in determining his guilt. See S.A. 1. On April 26, 2002, the Appeals Court affirmed the petitioner's convictions. *Commonwealth v. Armstrong*, 54 Mass. App. Ct. 594, 766 N.E.2d 894 (2002). See S.A. 2. The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented only one claim: error caused by the trial judge's reliance on extrajudicial evidence in determining his guilt. See S.A. 3. *Commonwealth v. Armstrong*, 437 Mass. 1104 (2002).

The petitioner thereafter filed his first petition for habeas corpus relief in which he raised three claims: (1) insufficient evidence presented to convict for armed assault with intent to murder Thomas Fuller; (2) denial of constitutional right to confront witnesses due to the trial judge's curtailment of cross-examination; and (3) error caused by the trial judge's reliance on extrajudicial evidence in determining his guilt. The respondent moved to dismiss the petition for failure to exhaust state remedies which was allowed. The respondent contended in his memorandum in support of the motion to dismiss that the petitioner had dropped the claims

asserted in Grounds One and Two from his ALOFAR to the SJC and thereby deprived the SJC of an opportunity to pass upon the claims. (See Memorandum in Support of the Motion to Dismiss, *Armstrong v. Spencer*, Civil Action No. 02-11674-DPW incorporated herein by reference). Under relevant case law, as the respondent argued, these grounds were unexhausted for the purposes of habeas review. *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988)(the federal constitutional claims must appear within the four corners of the ALOFAR).

The respondent also contented that Ground Three was unexhausted. This claim challenging the trial judge's alleged reliance on extrajudicial evidence had been presented to the SJC in the ALOFAR on state law grounds, the petitioner having failed to provide any federal constitutional analysis or alert the appellate court to the existence of the federal question. *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995)

After his federal petition was dismissed, the petitioner filed a motion for a new trial under Mass. R. Crim. P. 30(b) in which he raised the identical three claims he presented in his direct appeal and in federal habeas petition but added a fourth claim alleging ineffective assistance of trial and appellate counsel.[5] The trial judge denied the motion as lacking any factual support[6] and the Massachusetts Appeals Court (MAC) affirmed her decision. *Commonwealth v.*

---

[5] In his new trial motion, the petitioner alleged that trial counsel failed to secure expert medical testimony regarding the effects of the automobile crash on his criminal responsibility and intent to commit the crimes for which he was charged; failure to secure medical testimony on the petitioner's pre-accident mental state; and failure to secure Trooper Lambert's testimony. S.A. 6, Exhibit II/29-31.

[6] The handwritten notation on the motion for a new trial read: "Denied. Almost every issue raised in the motion for new trial was already decided by the Appeals Court in this very case. See *Commonwealth v. Armstrong*, 54 Mass. App. Ct. 594 (2002). To the extent any new issues are raised there is no factual foundation offered to support them. C. Sweeney. 1/03/03." S.A. 6, Exh. I/7.

9

*Armstrong*, 60 Mass. App. Ct. 1103, 798 N.E.2d 1046 (2003). *See* S.A.7. The MAC held *inter alia* that the petitioner had failed to set forth his allegations of ineffective assistance of trial and appellate counsel in an affidavit as mandated by Mass. R. Crim. P. 30(c)(3). *See* S.A. 7. It also held that the petitioner's remaining three arguments "must also be rejected as these claims have been previously decided in the [petitioner's] direct appeal and are barred from further consideration.." *Commonwealth v. Armstrong*, 60 Mass. App. Ct. at 1103. *See* S.A. 7. The petitioner then filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC") and presented two claims: ineffective assistance of trial and appellate counsel for failure to contact Trooper Lambert and denial of the right of confrontation when the trial court prevented him from asking Trooper Hoskins about the use of force report. See. S.A. 8.

## B. GROUNDS ASSERTED [7]

Ground One relative to the sufficiency of the evidence of the intent to murder Fuller was raised and decided by the MAC in the petitioner's direct appeal but was never presented to the SJC in ALOFAR 1 or ALOFAR 2. See S.A. 3, 8. Clearly this ground continues to be unexhausted. *Mele*, 850 F.2d at 819. However since there is no possibility that the petitioner will ever be able to present this claim on the merits to the SJC because of the procedural bar, it must be deemed exhausted by procedural default. *See infra*.

---

[7] To avoid repetition, the respondent incorporates by reference the 2002 Memorandum in Support of the Motion to Dismiss filed previously in the petitioner's first habeas petition which discussed the petitioner's failure to exhaust state remedies on his claims and the numerous precedents supporting this position.

10

Ground Two relative to the right of confrontation was raised and decided in the petitioner's direct appeal in 2002 but it was not presented to the SJC in ALOFAR 1. *See* S.A. 3. The petitioner presented the identical issue again in his motion for a new trial and appeal therefrom but the trial court and MAC rejected the reprised claim. *See* S.A. 6, 7. The petitioner then presented the issue in ALOFAR 2, having failed to raise the claim at the proper time in ALOFAR 1. *See* S.A.8. Petitioner's effort was unavailing, because his failure to bring the claim in his direct appeal precluded him from resurrecting the identical claim in a subsequent motion for a new trial and ALOFAR. The MAC rejected the claim on procedural grounds and its decision constituted an adequate and independent state procedural ground foreclosing habeas corpus review. *Burks v. Dubois,* 55 F.3d 712, 716 (1st Cir. 1995); *Magee v. Harshbarger,* 16 F.3d 469, 471 (1st Cir. 1994). *See infra.*

Ground Three regarding the judge's alleged reliance on extra-judicial evidence was raised and decided in the petitioner's direct appeal but was not presented to the MAC or SJC as a federal constitutional question. *See* 2002 Memorandum in Support of Motion to Dismiss. The petitioner's efforts to resurrect the claim with a federal constitutional gloss was rejected by the trial and appellate court on procedural grounds. See S.A. 7. Like Ground Two, the MAC decision rejecting the claim constituted an adequate and independent state procedural ground foreclosing habeas corpus review. *See infra.*

Ground Four regarding ineffective assistance of trial and appellate counsel was raised for the first time in the motion for a new trial and subsequent appeal to the MAC. Since the Appeals Court rejected the claim on procedural grounds, like Grounds Two and Three, the MAC decision constituted an adequate and independent state procedural ground foreclosing habeas corpus

11

review. *See infra.*

## C. Procedural Default

"The habeas corpus anodyne is designed neither to provide an additional layer of conventional appellate review nor to correct garden-variety errors, whether of fact or law, that may stain the record of a state criminal trial. Rather, the remedy is limited to the consideration of federal constitutional claims." *Burks v. DuBois*, 55 F.3d 712, 715 (1st Cir. 1995). *See Herrera v. Collins*, 506 U. S. 390, 400 (1993) (affirming that the purpose of federal habeas corpus review is to ensure that individuals are not imprisoned in violation of the Constitution). *See also Barefoot v. Estelle*, 463 U. S. 880, 887 (1983) ("Federal courts are not forums in which to relitigate state trials"). Thus, federal habeas review is precluded, as a general proposition, when a state court has reached its decision on the basis of an adequate and independent state-law ground. *See Coleman v. Thompson*, 501 U. S. 722 (1991). In *Coleman*, the Supreme Court held that where

> a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750. *See Tart v. Massachusetts*, 949 F.2d 490, 496-497 (1st Cir. 1991); *Palmariello v. Superintendent of M.C.I. Norfolk*, 873 F.2d 491, 493 (1st Cir.), *cert. denied sub nom., Palmariello v. Butler*, 493 U. S. 865 (1989). A petitioner's procedural default constitutes an adequate and independent state ground so long as the state consistently applies the rule and has not waived it. *Wainwright v. Sykes*, 433 U. S. 72, 87 (1977); *Burks v. DuBois*, 55 F.3d at 716; *Puleio v. Vose*, 830 F.2d 1197, 1199 (1st Cir. 1987), *cert. denied*, 485 U. S. 990 (1988).

12

By finding that the petitioner had failed to submit an affidavit in support of his ineffective assistance of counsel claim asserted in his new trial motion, as required by the rule, the Appeals Court determined that the claim was in procedural default. *See* Mass. R. Crim. P. 30(c)(3), 378 Mass. 901 (1979). Any discussion of the merits was done in the alternative, *Commonwealth v. Armstrong*, 60 Mass. App. Ct. at 1103, *see* S.A. 7, and did not constitute a waiver of the procedural bar. *See Harris v. Reed*, 489 U. S. 255, 266 (1989) (appellate court may, in the alternative, discuss the merits without waiving the procedural bar).

The appellate courts of Massachusetts regularly enforce the Rule 30(c)(3) affidavit requirement. *See, e.g. Commonwealth v. Colantonio*, 31 Mass. App. Ct. 299, 302, 577 N.E.2d 314, 316-317 (1991)(the motion judge correctly found that no showing had been made that potential witness would provide material testimony); *Commonwealth v. Tobin*, 392 Mass. 604, 618-619, 467 N.E.2d 826 (1984); *Commonwealth v. Buckley*, 6 Mass.App.Ct. 922, 923, 380 N.E.2d 720 (1978); *Commonwealth v. Crowe*, 21 Mass.App.Ct. 456, 487, 488 N.E.2d 780 (1986). The Appeals Court enforced the rule and the state court's finding that the petitioner's claims were waived clearly rests on his default of state procedural law.

In addition the MAC declined to revisit the three claims decided in the petitioner's direct appeal which the petitioner had clearly failed to exhaust before presenting them in his first habeas petition and motion for a new trial. Under Massachusetts precedent, "[a] 'motion for a new trial may not be used as a vehicle to compel a trial judge to review and reconsider questions of law' on which a defendant has had his day in an appellate court, or foregone that opportunity." *Forgerty* v. *Commonwealth*, 406 Mass. 103, 107, 546 N.E.2d 354, (1989), *quoting Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229, 303 N.E.2d 338 (1973). It is apparent that

13

state remedies are no longer available to the petitioner under 28 U.S.C. § 2254(b)(1)(A) and his claims have been exhausted through procedural default. *Carsetti v. Maine*, 932 F. 2d 1007, 1012 (1ˢᵗ Cir. 1991).

Federal habeas review is precluded on an issue when the state court has decided that issue on the basis of an adequate and independent state ground. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Harris V. Reed*, 489 U.S. 255, 262 (1989); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). The "procedural default rule" reflects the Supreme Court's view that, in the interests of comity and federalism, a habeas court should "'not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Boutwell v. Bissonnette*, 66 F.Supp.2d 243, 245 (D. Mass. 1999), *quoting Coleman*, 501 U.S. at 729. *See also, Edwards v. Carpenter*, ___ U.S. ___, 120 S.Ct. 1587, 1591 (2000). As a consequence of this rule, "state prisoners whose claims are dismissed by state courts for procedural reasons cannot gain access to federal habeas review." *Id.* (citations omitted).

If exhaustion obtains through a procedural default, the petitioner's claims is precluded absent a showing of "cause for" and "prejudice from" the procedural default. *Hall v. DiPaolo*, 986 F. 2d 7, 10 (1ˢᵗ Cir. 1993); *Evicci v. Maloney*, 2003 WL 21339277 *14 (D.Mass.). See Coleman*, 501 U. S. at 750; *Harris v. Reed*, 489 U. S. 255, 262 (1990); *Wainwright v. Sykes*, 433 U. S. 72, 87 (1977); *Gibson v. Butterworth*, 542 F.Supp. 6 (D. Mass.), *aff'd*, 693 F.2d 16 (1st Cir. 1982). The petitioner has not and cannot demonstrate either. Cause must be "something external to the petitioner," for example, the fact that the factual or legal basis for the claim was not reasonably available or that the state interference made raising the issue impossible.

14

*Coleman*, 501 U.S. at 751. The petitioner cannot establish "cause" to excuse the default based on a claim of ineffective assistance of counsel, i.e., that counsel failed to present certain testimony in violation of his Sixth Amendment right to counsel. Such an excuse is prohibited in the circumstances of this case where the petitioner has not exhausted an ineffective assistance of counsel claim. *See Murray v. Carrier*, 477 U.S. 478, 488-489 (1986); *Puleio v. Vose*, 830 F.2d 1197, 1202 (1st Cir. 1987). *See also Coleman v. Thompson*, 501 U.S. at 755 ("counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation"). Nor has the petitioner demonstrated any prejudice or overcome the procedural defaults by showing a "fundamental miscarriage of justice" -- the conviction of an innocent person. *See Schlup v. Delo*, 13 U.S. 298, 321 (1995). Because the petitioner is in procedural default on all four claims and cannot show "cause" and "prejudice" or actual innocence, habeas corpus relief cannot lie and the petition should be dismissed.

## CONCLUSION

For the above-stated reasons, the motion to dismiss the petition should be allowed.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Annette C. Benedetto*
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

15

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document and Corrected Copy of Respondent's Supplemental Answer Exhibits 5-9 was served upon the following petitioner pro se by first class mail, postage pre-paid, on August 23, 2004.

Corbin Armstrong, pro se
MCI- Norfolk
2 Clark Street
P.O Box 43]
Norfolk, MA 02056

*Annette C. Benedetto*

Annette C. Benedetto
Assistant Attorney General