UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CORBIN ARMSTRONG
    Petitioner,

v.                                    C.A. No. 04-10587-DPW

LUIS SPENCER,
    Respondent.

PETITIONER'S MEMORANDUM IN SUPPORT OF
OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS

I.   INTRODUCTION

The respondent seeks dismissal of the habeas corpus petition of Corbin Armstrong ("Armstrong") because, according to the respondent, Armstrong grounds asserted have been exhausted through procedural default, and therefore has failed to state a claim upon which habeas corpus relief under 28 U.S.C. § 2254 can be granted. The respondent's position, however, is based on a 1988 First Circuit decision that has since been effectively invalidated by a series of U.S. Supreme Court rulings. Omission of an issue from as FAR application is not a procedural default under Massachusetts law. Even if can be characterized as a default, the SJC does not apply it with regularity. To operate as a bar on federal habeas relief, a procedural default must be "firmly established and regularly applied." Furthermore, since the SJC denied review without comment, it must be presumed to have based its denial on grounds other than procedural default. the respondent's motion to dismiss is therefore without legal merit, and should be denied.

1

II. ARGUMENT

The respondent bases her dismissal motion on Mele v. Fitchburg District Court, 850 F. 2d 817 (1st Cir. 1988). The Mele court that failure to include a federal claim within the "four corners" of an FAR application barred it from later consideration by a federal habeas court, nothwithstanding the SJC's long-established practice of considering all issues presented to the Appeals Court, whether or not they appear in the FAR application. Although couched in terms of the exhaustion doctrine. Mele is more accurately described as an extension of the parallel doctrine of "procedural default" to a non-default under state law, in that Mele imposes a bar claims that do not appear within the body of an FAR application, even though the SJC routinely reviews all issues that were before the Appeals Court, irrespective of whether they appear in the petition, and even if the SJC clearly had actual notice, in the form of an Appeals Court opinion attached to the FAR application in accordance with the rules, of the existence and federal character of the claim. See 850 F. 2d at 821-822. Mele was decided, however, before a series of Supreme Court decisions refined the doctrine of procedural default as it applies to federal habeas claims that have technically been exhausted in state court. See Coleman v. Thompson, 501 U.S. 722 (1991); Ylst v. Nunnemaker, 501 U.S. 797 (1991); Ford v. Georgia, 498 U.S. 411 (1991); Harris v. Reed, 489 U.S. 255 (1989); Johnson v. Mississippi, 486 U.S. 578 (1988). In light of these decisions, Mele is no longer a viable bar to federal habeas relief, particularly where, as in this case, the petitioner has at all stages of the state process complied with state procedural rules governing the presentation of issues.

2

A. <u>The Procedural Default Doctrine</u>

The exhaustion requirement under §2254 "refers only to remedies still available at the time of the federal petition." <u>Engle v. Issac</u>, 456 U.S. 107, 125-126 n. 28 (1982). If the petitioner no longer has an available remedy in state court for a particular claim, then he has exhausted his state remedies with respect to this claim. Id. The inquiry then becomes whether the petitioner's exhaustion of state remedies resulted from a "procedural default" with respect to the claim in question. <u>Coleman v. Thompson</u>, 501 U.S. 722, 732 (1991); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 86-87 (1976). Under the procedural default doctrine, a federal habeas petitioner may be barred from asserting a claim if he or she has failed to raise it at the time or in the manner required by the state. <u>Wainwright v. Sykes</u>, 433 U.S. at 86-87. Even if can be established that the state court could have barred the claim by reasons of a failure to present the claim in accordance with procedural requirement, "a procedural default does not bar consideration of a federal claim on either direct of habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989). In the case of an ambiguous or unexplained order, "[if] an earlier opinion 'fairly appear[s] to rest primarily on federal law,'. . . [a federal habeas court] will presume that no procedural default has been invoked by a subsequent unexplained order leaves the judgment or its consequences in place." <u>Ylst v. Nunnemaker</u>, 501 U.S. at 803,

quoting <u>Coleman v. Thompson</u>, 501 U.S. at 740; see <u>St. Helen v. Senkowski</u>, 374 F. 3d 181 (2004); <u>Hargrave-Thomas v. Yukins</u>, 374 F. 3d 383 (6th Cir. 2004).

In <u>Simpson v. Matesanz</u>, 175 F. 3d 200, 208-09 (1999), the Court determined that if a petitioner can show "cause and prejudice" for his procedural default, a federal court will reach the merits of his habeas case. See <u>Bousley v. United States</u>, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). Even if a petitioner does not show "cause and prejudice," a federal habeas court will still reach the merits if he can establish that any constitutional error "has probably resulted in the conviction of one who is actually innocent." <u>Murrary v. Carrier</u>, 477 U.S. 478, 496, 106 S. Ct. 2639 (1986).

1. <u>Under applicable Massachusetts law and federal law, Armstrong did not default on his ineffective assistance claim.</u>

In this case, Armstrong has clearly exhausted his remedies at the state level. See <u>Engle v. Issac</u>, 456 U.S. at 125-126 n. 28. Moreover, Armstrong cannot be charged with a procedural default with respect to his ineffective assistance of counsel claim. A sine qua non of the application of the procedural default doctrine in the federal habeas context is the existence of a state procedural rule applicable to the petitioner's claim and the petitioner's violation thereof. <u>Reynolds v. Berry</u>, 146 F. 3d 345, 347 (6th Cir. 1998). Procedural default under § 2254 "depends on state law, and it is accordingly essential to know whether the state courts either have held that a procedural obstacles if the prisoner has complied with all state rules." Id. 74 F. 3d at 147.

4

Under well-established Massachusetts law, on further appellate review "all issues that were before the Appeals Court are before [the SJC], including issues not addressed in the application [for further appellate review]" Commonwealth v. Burno, 396 Mass. 622, 623 (1986)(emphasis added), see also Commonwealth v. Lombard, 419 Mass. 585, 593 (1995). Bradford v. Baystate Medical Ctr., 415 Mass. 202, 204 (1993); Ballantine v. Town of Plymouth, 363 Mass. 760, 761 n. 2 (1973). Such plenary review is practiced as a matter of general rule, rather than as an exceptional exercise of discretio. See id. As the above-cited cases demonstrate, Massachusetts imposes no procedural bar against the SJC's consideration of issues argued to the Appeals Court but not identified in application for further appellate review. The SJC reserves entirely to itself the decision as to what issues, if any, will be reviewed should it allow an FAR application.

While the Mele decision notes that review of omitted issues is a discretionary matter, 850 F. 2d at 821, the SJC's discretion cuts both ways. Indeed, inclusion of an issue in an FAR application is no guarantee that the SJC will consider it. There is nothing in Massachusetts law preventing the SJC from granting further review as to only some of the questions contained in the application, or from rejecting all of them and choosing instead to review a question that was before the Appeals Court but omitted from the application. In any event, the SJC has made it clear that it will routinely exercise its discretion to review

Appeals Court cases in its entirety.

Under Massachusetts law, omission of an issue from an application for further appellate review is neither a "procedural misstep," nor does it work a forfeiture of the issue. Armstrong therefore cannot on that basis be barred from federal habeas review of his claims.

2. <u>The SJC must be presumed not to have rejected Armstrong's ineffective assistance claim on the basis of his omission of the claim from the body of his FAR application.</u>

While Armstrong may not have chosen the most efficacious way of securing SJC review of his ineffective assistance claim, he nevertheless fully complied with state requirements for presenting the claim to the SJC. At worst, Armstrong's appellate counsel's omission constituted procedurally adequate but sloppy advocacy. Irrespective of the default question, the operative presumption is that the SJC did not reject the claim on that basis. <u>Ylst v. Nunnemaker</u>, 501 U.S. at 803. The Appeals Court whose memorandum and order was appended to Armstrong's FAR application, as required by Mass. R. App. P. 27.1(b), explicitly rejected Armstrong's ineffective assistance claim on the merits and rested its decision primarily on federal law. The Appeals Court opinion gave the SJC actual notice of the ineffective assistance of counsel issue. 1/

---

1/ It cannot be argued that the Appeals Court decision did not put the SJC on notice of the federal character of Armstrong's claim. There is no substantive difference between Massachusetts and federal law concerning ineffective assistance of counsel, and "as a general rule, presenting a state-law claim that is functionally identical to a federal law claim suffices to effectuate fair presentation of the latter claim." <u>Scarpa v. DuBois</u>, 38 F.

Under <u>Ylst</u>, it must be presumed that the SJC either accepted the reasoning of the Appeals Court, or determined that the issue, even if meritorious, did not sufficiently involve the public interests of justice such that discretionary review would be appropriate. See <u>Mass. Gen. Laws c. 211A, §11, Mass. R. App. P. 27.1(a)</u>. the state court record contains no indication whatsoever that the SJC rejected Armstrong's ineffective assistance of counsel claim because it was not contained within the "four corners" of Armstrong's FAR application. A procedural default could only have risen from a failure to present the case as a whole to the SJC.

The <u>Mele</u> decision, which fails to identify a firmly established and regularly followed Massachusetts rule of forfeiture of issues omitted from an FAR application, and simply presumes, in conflict with <u>Ylst</u>, that such an omission must be the basis of an unexplained denial of review, extends the procedural default doctrine well beyond the limits imposed by Supreme Court ruling. <u>Mele</u> is no longer useful precedent, if it

---

3d 1, 7 (1st Cir. 1994). Also see <u>Massaro v. United States</u>, 123 S.Ct. 1690 (2003). The Appeals Court opinion uses the phrase "ineffective assistance of counsel," which "certainly 'claim[s] a particular right specifically guaranteed by the Constitution..." id. quoting <u>Gagne v. Fair</u>, 835 F. 2d 6, 7 (1st Cir. 1987), and summarizes the factual basis of Armstrong's claim. In light of the <u>Ylst</u> decision, the <u>Mele</u> court was clearly wrong in presuming that, in evaluating an FAR application, the SJC would not necessarily thoroughly read an attached Appeals Court opinion and carefully consider all of the issues discussed therein. See 850 F. 2d at 822. In downplaying the significance of the Appeals Court opinion, the <u>Mele</u> court also erroneously suggests that fair presentation of an issue for further appellate review requires that the SJC be "given an opportunity to consider arguments on both sides of it." 85 F. 2d at 822. This is a test that all unopposed FAR applications are doomed to fail.

7

ever was, and should be disregarded.

> 3. Even if omission of an issue from an FAR application constitutes a technical default with respect to that question, such a bar is not strictly or regularly followed by the SJC, and therefore does not operate as a bar on federal habeas review.

To defeat federal habeas review, a state procedural bar must be "firmly established and regualarly followed." Ford v. Georgia, 498 U.S. 411, 423 (1991): See also Johnson v. Mississippi, 486 U.S. 578, 587 (1988); Brewer v. Marshall, 119 F. 3d 993 (1001) (1st Cir. 1997). If there is a Massachusetts rule barring consideration of questions omitted from an FAR application, it is honored primarily in the breach. The SJC has announced in at least four reported decisions that its general practice on further appellate review is not to reject issues omitted from FAR applications. If those decisions do not establish the nonexistence of a procedural bar, they certainly constitute an explicit declaration that the SJC will not enforce such a bar with anything approaching strictness or regularity.

> B. Applying Mele in this case will result in a fundamental miscarriage of justice, because Armstrong has no collateral remedy in Massachusetts Courts.

Even if Mele were still good law, to apply it in these circumstances would result in a fundamental miscarriage of justice. See Engle v. Issac, 456 U.S. at 315. It does not appear that Armstrong has a collateral remedy on the state level based on ineffective assistance of appellate counsel. It would be exceedingly difficult to persuade a Massachusetts Court to find an appellate attorney ineffective because a federal habeas court finds fault in her compliance with the SJC 's established

8

procedures. It is not reasonable to expect that the SJC would hold attorneys to a higher standard of advocacy than it normally would in order to preserve potential federal habeas claims. This is not the SJC's concern, nor should it be.

It is incumbent on federal courts to respect all state procedural rules, not just those rules that might impede federal habeas review, and not to take it upon themselves to protect a state high court from its long-established practice of procedural flexibility. The Massachusetts Supreme Judicial Court has not asked for, nor does it need such protection from itself.

The petitioner ahs exhausted all of his issues/grounds raised and therefore is properly before this Honorable Court. Following the petitioner's direct appeal, each issues were presented to the highest court (hereafter "SJC"). Following his motion for new trial, and subsequent appeal to the Appeals Court, the petitioner forwarded his appeal to the SJC. When the Supreme Judicial Court affirmed the petitioner's conviction. The Petitioner filed his petition for habeas corpus, which is properly before this Court. The respondent attempts to mislead this Honorable Court by mis-stating that the petitioner has not exhausted all his grounds before this Court, <u>all issues were properly exhausted and the petitioner's habeas corpus is properly before this Court.</u>

CONCLUSION

For the foregoing reasons, the petitioner Armstrong, respectfully request that this Honorable Court deny the respondent's motion to dismiss Armstrong's habeas corpus petition. The petitioner respectfully requests that this honorable Court be inclined to let this matter go forward.

Respectfully submitted,

*Corbin R Armstrong*
Corbin Armstrong
P.O. Box 43
Norfolk, MA 02056

Dated: 8/31/04

CERTIFICATE OF SERVICE

I hereby state that I have served a copy of the foregoing upon Annette C. Benedetto, A.A.G. at One Ashburton Place, Boston, MA 02108-1598, by first class mail, postage prepaid on this 31st August, 2004.

Dated: 8/31/04

*Corbin R Armstrong*
Corbin Armstrong
P.O. Box 43
Norfolk, MA 02056