```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


CORBIN ARMSTRONG,              )
     Petitioner,               )
                               )         CIVIL ACTION NO.
          v.                   )         04-10587-DPW
                               )
LUIS SPENCER,                  )
     Respondent.               )
```

MEMORANDUM AND ORDER
April 24, 2006

The petitioner seeks relief, purportedly pursuant to Fed. R. Civ. P. 60(b), from my February 10, 2005 judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that he "never received notice" and that he does not "know the reasons for the Court's denial."

I have reviewed my Memorandum and Order of February 10, 2005 directing dismissal of this case and find no reason on the merits to depart from it. Nor do I find any basis to believe I would issue a certificate of appealability regarding it.

In any event, apart from my views regarding the merits of the dismissal, I find the petitioner's motion deficient as a matter of procedure. It is apparent that petitioner is seeking by procedural indirection to reopen the case to permit a belated appeal. The motion is not directed to the broad concerns of Fed. R. Civ. P. 60(b), but more accurately to the specific directives regarding the timeliness of appeal governed by Fed. R. App. P. 4.

Even accepting, without deciding, that petitioner did not

promptly receive notice of the dismissal of his case on February 10, 2005, it is apparent that he had notice by August 20, 2005, when he avers he received an updated docket sheet (Plaintiff's Aff. of August 22, 2005 at ¶ 2), and after which he filed a notice of appeal dated September 20, 2006 from the judgment of dismissal .  Under Fed. R. App. P. 4(a)(6), I no longer have authority to grant the relief petitioner actually seeks: reopening of the time period within which to appeal.

The instant motion dated March 18, 2006, was not filed within 180 days (i.e., by August 10, 2005) of the February 10, 2005 entry of the order he seeks to appeal from, nor within seven days (i.e., by August 27, 2005) of his August 20, 2005 receipt of notice of the order.  See Fed. R. App. P. 4(a)(6)(B).[1]

Accordingly, petitioner's "Motion for Relief of Judgment Pursuant to Rule 60(b)" is hereby DENIED.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[1] The Court of Appeals recognized this deficiency in its December 29, 2005 judgment of dismissal, where it observed:

> Appellant states that he did not receive timely notice of the dismissal of his § 2254 petition.  If that is so, then appellant could have proceeded under Fed. R. App. P. 4(a)(6), but he does not appear to have done so, and it is now too late.

Corbin v. Armstrong, No. 05-2466 (1st Cir. Dec. 29, 2005).